Stein, J.P.
(concurring). While we agree with the result reached by the majority, we are compelled to voice our concerns regarding the practical effect of, and policy considerations surrounding, the retroactive suspension of a noncustodial parent’s obligation to pay child support. According to the longstanding jurisprudence of this Court, in certain circumstances, such as here, in which a custodial parent interferes with the parental rights of the noncustodial parent, a court may suspend the noncustodial parent’s child support obligation retroactive to the date an application for such suspension was made (see Matter of Luke v Luke, 90 AD3d 1179, 1182 [2011]; Matter of Alexander v Alexander, 129 AD2d 882, 884 [1987]; but see Alan D. Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 241 at 23). While we interpret the relevant statutes as prohibiting the child support payor from unilaterally discontinuing his or her payments during the pendency of a suspension application in the absence of a court order permitting such action, we are concerned that our previous decisions — and, to a certain extent, the majority decision here — which apply a suspension of child support retroactively, could actually promote such self-help. We, therefore, write separately to advocate for clarification and/or a modification of our precedent on this issue.
In our view, as the following examples illustrate, retroactivity of child support suspensions cannot be effectuated as a practical matter. Where a child support payor — who makes an application to suspend payments due to the custodial parent’s interference with the payor’s parental relationship — continues to comply with his or her child support obligation payments while the application is pending, public policy prevents recoupment of the payments made in the event the court ultimately makes a finding of parental interference warranting a suspension. A similar *1022 result occurs where the payor does not make payments during the pendency of a suspension application, in that the statute prohibits the court from canceling the accrued arrears upon a subsequent finding of interference (see Domestic Relations Law § 241; Alan D. Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 241 at 23; Matter of Rivera v Echavarria, 48 AD3d 578, 578 [2008]; Ledgin v Ledgin, 36 AD3d 669, 670 [2007]; Doyle v Doyle, 198 AD2d 256, 257 [1993]; but see Matter of Alexander v Alexander, 129 AD2d at 883-884). However, in the latter situation, the noncustodial parent is temporarily relieved of his or her financial obligation, while the custodial parent is deprived of support for the children without the benefit of a judicial determination that there is at least some arguable merit to the suspension application and a consideration of the financial consequences to the parents and the children. In either event, it seems that retroactivity is but a legal concept without any practical application.
Considering the foregoing, we are of the view that a retroactive suspension of child support payments is appropriate only where, as here, the child support payor has, with court authorization, either paid child support into an escrow account or has obtained a temporary court order suspending payments during the pendency of the suspension application. In our opinion, requiring that child support payments be made in escrow is preferable, as it ensures that the noncustodial parent fulfills his or her child support obligations if the case is ultimately decided in favor of the custodial parent, while also making certain that the financial support is readily available for court-directed withdrawals, if necessary, for the custodial parent to meet the needs of the children (see Alan D. Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 241 at 23). If, on the other hand, the noncustodial parent prevails, a subsequent suspension of child support can truly be retroactive and allow for the return of monies paid into the escrow account without violating the public policy against recoupment and without encouraging the accrual of arrears.